# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 3, 1906.

KLEIN ET AL.
VS.
UNITED RAILWAYS AND ELECTRIC COMPANY.

*Alex. H. Robertson* and *Wm. F. Broening* for plaintiffs.

*Geo. Dobbin Penniman* and *J. Pembroke Thom* for defendant.

HARLAN, C. J. (Orally)—

I am of the opinion in this case that the use which the defendant is making of its tracks at the northeast corner of Pratt and Exeter streets in running cars thereon of such length that as the cars coming west on Pratt street pass northerly around the corner into Exeter street the side of each car, or the side of the largest of the cars that are now in use, swing over a portion of the sidewalk to the distance (at the middle of the car) of as much as two feet two inches, is not shown to be an unlawful use and does not materially interfere with the access to the property of the plaintiffs. The defendant is occupying the street by authority. Its tracks were located under the supervision of the City Commissioner. The cars it is using, while larger than those in use at the time the authority was given, are such as are now in ordinary use and are reasonably necessary for the public convenience, and their use cannot be construed as an additional servitude upon the street. That portion of the street over which the car in passing the corner swings is not within the lines of the plaintiffs' title, and is a part of the street, though sidewalk,

where the right of the public is paramount to that of plaintiffs, and although the passing of the cars over it may render this portion of the sidewalk dangerous to pedestrians, as the evidence shows it does, this does not constitute a wrong of which the abutting property owner can, in my judgment, complain. The portion of sidewalk which is not passed over is still sufficiently wide to afford reasonable and proper access to the property of the plaintiffs.

There is no doubt, I think, that it is within the power of the Mayor and City Council to regulate the use of the streets by cars, and to regulate the size of the cars that can be used in the streets in the same way that they can regulate the speed of the cars, or require the use of fenders for the safety of the public. They also have the right to regulate the portion of the street to be used by pedestrians and vehicles. They have the right to change the width of the sidewalk from time to time. It would be a perfectly proper thing, in my judgment, for the city to change the sidewalk at this point, and I think their doing so would be an act that, as far as the plaintiffs are concerned, would be *damnum absque injuria.* I will dismiss the bill with costs.